UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT MOON,

    Plaintiff,

v.

MARTY SCHULLER,
*Officer*,

    Defendant.
                       /

CASE NO. 08-CV-11085

DISTRICT JUDGE LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.   RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**II.   REPORT**

    **A.   Background**

Plaintiff Robert Dale Moon, proceeding *pro se*, originally filed this civil rights action on February 26, 2008, in the United States District Court for the Western District of Michigan. It was transferred to this Court on March 13, 2008, and referred to the undersigned for pretrial case management by U.S. District Judge Lawrence P. Zatkoff on April 9, 2008.

---

[1] In the event this Report and Recommendation is adopted, Defendant's pending motion for summary judgment (Dkt. 13) will be moot.

Plaintiff alleges that Defendant Marty Schuller, a deputy with the Gratiot County, Michigan, Sheriff's Department, used excessive force when effecting the arrest of Plaintiff for disorderly conduct on January 31, 2006.

Defendant Schuller filed a motion for summary judgment on August 4, 2008, asserting that (1) Plaintiff's civil rights claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), because Plaintiff pleaded no contest to charges that he assaulted, resisted, and obstructed Officer Schuller during the arrest (resulting in Officer Schuller needing immediate medical attention) and to a charge of malicious destruction of police property, which occurred during the course of the arrest; (2) that there is an insufficient legal and factual basis for the claim; and (3) that he is entitled to qualified immunity because no reasonable officer would believe that the deputy's conduct under the circumstances was unlawful. Defendant Schuller provided the Court with numerous documents and an affidavit in support of his motion.

Plaintiff was instructed to file a response to the motion by September 5, 2008. No response was filed. On September 29, 2008, Plaintiff filed a motion seeking an extension of time within which to file his response. The Court granted Plaintiff's motion and ordered Plaintiff to file his response by October 31, 2008. (Dkt. 17.) It is now January 2009, and Plaintiff has failed to file a response or to communicate in any way with the Court.

**B.    Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special

2

consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff failed to comply with the Court's "readily-comprehendible" deadline for filing a response to a dispositive motion or to otherwise communicate with the Court. Therefore, I find that Plaintiff has failed to actively pursue the litigation that he initiated, and recommend that the case be *sua sponte* dismissed with prejudice for failure to prosecute.

## III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 

                                                             s/ *Charles E Binder*
                                                            CHARLES E. BINDER
Dated: January 13, 2009                           United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Jason Kolkema, and served by first class mail on Robert Moon, #146780, at West Shoreline Correctional Facility, 2500 S. Sheridan Dr., Muskegon Heights, MI, 49444-2665.

Date:  January 13, 2009                   By      s/Jean L. Broucek
                                                           Case Manager to Magistrate Judge Binder